Wright, J.
The facts to be remembered, to a rightful understanding of the case, are these : This corporation, or ■alleged corporation, filed a certificate, dated May 9, 1871. 'This, then, was when its being began. Three days before, May 6, 1871, McCoy had made the contract with Elesher for the building of the wharfboat. In J une, 1871, Gaff and the other defendants subscribed ; in July the company was ■organized ; in December defendants transferred their sub•seription ; January 4, 1872, an assessment was made ; January 9th, Gaff and others notified the company that they *112 had sold out, and would not be responsible for debts contracted ; May 7,1872, the wharfboat was sold by McCoy to-the.company. It seems that at first McCoy gave his own notes, indorsed by him as president of the company, toElesher. This was perhaps in May, 1872. Subsequently,, however, these notes seem to have been replaced by others, dated March, 1873. These latter were the notes of the company, upon which judgment had been obtained against It, which judgment is now sought to be satisfied by subjecting these subscriptions.
As far as the rights of these defendants are concerned, it' Is not material whether we fix the date of the company’s-liability to Elesher, in May, 1872, when the boat was sold,, or in March, 1873, the date of the notes in which the judgment was recovei’ed. Both these dates were subsequent to the date of those acts by which defendants claim they are-absolved from liability, namely, their notices to the company in January, 1872.
The question, then, is, having transferred their subscription in December, 1871; having notified the company in January, 1872, that they would not be responsible for-debts, can they still be held to pay their subscription upon a debt arising after these events ?
In the quo warranto, the defendants were ousted from-, being a corporation December 11, 1873, long after Elesher’s debt was contracted.
Gaff & Co., in order to divest themselves from liability,, transferred their subscription to one Getty, who seems to-have been a person without means. As a general thing, holders of corporate stock can not rid themselves of cor-, norate liability by transfer to irresponsible parties. A. & A. Corp., § 623.
Be that as it may, the stock in the present case had not been issued, and we take it to be clear that, in case of a: legal corporation, a subscriber can not release himself from liability to pay, except with the consent of the corporation. The subscription is a contract, which can not be dissolved at the option of one party; the consent of both must be-. *113 had. Field on Corp., § 89 (p. 103), § 96 (p. 112); A. & A. Corp., §§ 517, 537 ; Muskingum Co. v. Ward, 13 Ohio, 120; Graff v. R. R. Co., 31 Penn. St. 489; Upton v. Trobilcock, 91 U. S. 48. In case, therefore, this had been a legal, valid corporation, without any judgment of ouster, the efforts of Messrs. Gaff & Co. to absolve themselves from their contract of subscription would have been simply nugatory. The corporation had not consented to release them, and could not have done so, to the prejudice of any intervening creditor. Webster v. Upton, 91 U. S. 71. This much is plain. But it is said, in a very able and ingenious argument by counsel for plaintiff in error, that this wharfboat company was not a corporation, and the stock subscriptions were therefore nullities. It is said that there is no law for incorporating a wharfboat company, and that where there never could be a corporation de jure, there can be none de facto. The law on the subject provides for “ building and repairing steamboats and other watercraft, . . . carrying on business connected with the main objects aforesaid.” 66 Ohio L. 125. The certificate of incorporation was for “ the building, repairing, and maintaining of wharf-boats at Cincinnati, Ohio, and other points.” The argument is, that a wharfboat is not a “ watercraft;” therefore there was no law in Ohio authorizing a corporation for the purpose of building wharf boats, the conclusion being, that this corporation was without authority of law, and the subscriptions void.
It seems to be conceded by counsel for plaintiff in error that if there is authority in law for the incorporation, but there is a mere formal defect in the certificate or otherwise, if corporate acts are done, then there is a corporation de facto, and it and its stockholders are estopped to deny the fact. But it is claimed that if the defect is not in matter of form, but is that there is no law to authorize, then, although acts are done, yet there is no corporation defacto even, and no estoppel arises. Counsel puts his statement tersely thus : “ It is apprehended, in the very nature of the *114 case, that corporate existence de facto is possible only with the possibility of existence de jure, a question of law as to ■which there is no estoppel.” If we admit this to be a sound proposition in law, let us see if the facts call for its application hei’e ? Then we come to this question : Is there no law in Ohio to authorize the incorporation of companies to build wharf boats ? May not the law authorizing companies to build steamboats and other watercraft cover the case of wharf boats? Plaintiff in error asserts that a wharfboat is not a watercraft. Defendant says it is.
A majority of the court are of opinion that, for the purposes of this case, a wharfboat may be included, in the general term, watercraft. The rule of restricting language, as applied to the exercise of corporate powers, is generally found in those cases where the corporation is seeking to enlarge or extend those powers ; and, as against the public or private rights, we agree that such restriction is well timed. But we have not found the rule so frequently applied in cases where the corporation or corporators were seeking to evade liability by giving a nari'ow construction to words or laws.
Perhaps it might be, that in the first instance a stockholder might have restrained this corporation from building a wharfboat, on the ground that such act was not authorized by the law for building watercraft. But the case is very different where they have built a boat, and refuse to pay for it on the ground of such want of power.
It is very certain that those who signed this certificate, as well as those who subscribed stock under it, held out to the world that they were an incorporation ; that the name of the company was the Southwestern Transportation and Wharfboat Company ; that there ivas to be |100,000 of took, with shares; that they were to build wharfboats, and have offices, etc. At least it comes with bad grace from them now to say that they could not do the thing proposed, after they had actually done it.
It is said that the case of The Raccoon River Navigation Company v. Eagle, 29 Ohio St. 239, is decisive of the ques *115 tion before us. Like this, that was a case to recover a subscription of stock. The company was incorporated for the purpose of “improving to make navigable . . . and navigating Big Raccoon river.” The Supreme Court say : “We do not know of any law of the State of Ohio by which Big Raccoon river has been declared navigable.” If there was no such navigable stream, there would seem to be no propriety in attempting to improve it by enforced subscriptions. But to make that case analogous to this, suppose the company had found such a navigable stream, or one they supposed to be it, and had gone to work and improved it, and then the laborers had sued for their hire, we apprehend that the defense of no such navigable river would not have been valid, for the Supreme Court are careful to say: “ It is suggested that the rejected testimony tended to prove, at least, a corporation de facto, and that the defendant was estopped, by subscribing to its stock, from denying its legal existence. The case is not one wherein the doctrine of estoppel can be applied.
It seems to us, therefore, that this must be held to have been a corporation defacto, up to the time of ouster, previous to which the liability arose, satisfaction of which is now sought. Of course the judgment of ouster did not retroact, so as to affect or destroy a contract prior to its rendition. McCarthy v. Lavashe, 7 Am. Law Rec. 188 (Sup. Ct. Ill.)

Judgment affirmed.

Scott, J., dissented.